# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| MAURICE COOPER, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:22-cv-81 |
| | * | |
| v. | * | |
| | * | |
| WARDEN KARL FORT, | * | |
| | * | |
| Respondent. | * | |

### ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 6. Petitioner Maurice Cooper ("Cooper") filed Objections to the Report and Recommendation. Dkt. No. 7.

In his Objections, Cooper asserts the State hindered his ability to file a 28 U.S.C. § 2254 petition because the State failed to provide him with copies of the grand jury minutes and transcripts. Id. at 1. Cooper also contends the business office (presumably at the prison where he is incarcerated) and notary caused at least an eight-month delay by losing his paperwork for three months and the mailroom staff held his mail for more than two weeks' time. Id. at 1-2. In addition, Cooper

AO 72A
(Rev. 8/82)

notes his trial counsel also represented him on appeal and could not make ineffective assistance of counsel claims on appeal. Id. at 1.

Cooper seeks to invoke the statute of limitations period found in 28 U.S.C. § 2244(d)(1)(B), which allows for the filing of a § 2254 petition one year from the removal of a State impediment to filing.  However, this period does not allow for Cooper's Petition to be considered timely filed, even accepting as true the assertions Cooper makes in his Objections.  Cooper's appeal was decided on March 27, 2007, and he had one year from that date to file a timely federal habeas petition or a state post-conviction review application.  Dkt. No. 6 at 3, 4.  Cooper did not file a state habeas corpus application until March 2011, or more than three years after the statute of limitations expired.  Cooper does not explain how the State hindered him in filing a state post-conviction application and, by the time he did so, the applicable statute of limitations period for timely filing a federal habeas petition had long expired.

Because Cooper provides no dates of the State's alleged impediment to filing, the Court is left to presume he contends the allegations he makes in his Objections apply to equitable tolling principles.  However, Cooper makes no assertion showing he has been pursuing his rights diligently and, thus, he is not entitled to application of equitable tolling of the limitations

2

period. Accepting his assertions as being applicable to the extraordinary circumstances provision of the two-prong test, Cooper must still show he was diligently pursuing his rights. He fails to do so. Instead, the record before the Court reveals Cooper failed to take any action for post-conviction relief for three years after his conviction became final, and any action he took after the expiration of the statute of limitations period cannot revive the limitations period. Id. at 3-4 (quoting Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004); Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1294 (11th Cir. 2008)).

Accordingly, the Court **OVERRULES** Cooper's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Cooper's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus as untimely filed, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Cooper in forma pauperis status on appeal and a Certificate of Appealability.

**SO ORDERED**, this 28 day of March, 2023.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)